

FILED

AUG 11 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DANIELA M. FARINA,<br><br>　　　　　　Debtor. | BAP No. NC-22-1233-SCF*<br><br>Bk. No. 22-10021 |
| DANIELA M. FARINA,<br>　　　　　　Appellant,<br>v.<br>JANINA M. HOSKINS, Chapter 7<br>Trustee,<br>　　　　　　Appellee. | Adv. No. 22-01004<br><br>**MEMORANDUM**** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Roger L. Efremsky, Bankruptcy Judge, Presiding

Before: SPRAKER, CORBIT, and FARIS, Bankruptcy Judges.

---

* This appeal was concurrently heard with two others: (1) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1232-FSC (9th Cir. BAP argued July 28, 2023); and (2) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1235-CFS (9th Cir. BAP argued July 28, 2023). These companion appeals will be the subject of their own separate written decisions. In addition, this Panel recently heard and decided another appeal prosecuted by Farina, which also is the subject of its own written decision. *See Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1071-TBF, 2022 WL 17484959 (9th Cir. BAP Dec. 7, 2022).

** This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

The bankruptcy court entered summary judgment denying debtor Daniela M. Farina a discharge in her chapter 7[1] bankruptcy case under § 727(a)(6)(A). The court held that that debtor willfully and intentionally refused to obey the bankruptcy court's order to immediately vacate a residential property on First Avenue in Napa, California ("Property"). As a result of Farina's refusal, the chapter 7 trustee Janina M. Hoskins was unable to obtain exclusive possession and control of the Property until the United States Marshals Service secured the premises for the estate.

None of Farina's arguments on appeal justify reversal. Accordingly, we AFFIRM.

## FACTS[2]

### A.    The vacancy of the Property prior to Farina's bankruptcy filing.

Farina co-owned the Property with her former business partner and boyfriend, Victor Alam. Farina and Alam were parties in a prepetition state court lawsuit in the Napa County Superior Court in which a receiver was appointed. According to the receiver, Farina had "occupied" the Property from July 31, 2021, until sometime prior to November 17, 2021. But on

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

November 17, 2021, the receiver's representative inspected the Property and found that no one was living there. According to the receiver's representative, there was "almost a complete absence of furniture throughout the house, no cooking utensils in the kitchen, no dry goods, only a few items in the refrigerator, numerous partially-emptied liquor bottles on kitchen countertops, and only a minimal number of personal items, which largely appeared to be business related." By comparing what was in the house during his November 2021 inspection with MLS listing photos from May 2020, the receiver's representative further concluded that a number of appliances, lighting fixtures, and the home's thermostat had been removed, thereby rendering the Property "uninhabitable."

The receiver's representative also set up a video camera in December 2021 to monitor the Property. According to the receiver's representative, the footage from the camera showed that Farina occasionally would visit the Property but was not living there. During these visits, Farina never took any steps suggesting that she was resuming occupancy, such as refurnishing the premises.

**B.    Farina files bankruptcy and lists the Property as her residence, but the Property remains empty and vacant.**

In her bankruptcy petition filed on January 18, 2022, Farina identified the Property as where she lived. However, one week before her chapter 7 filing, Farina filed a motion in a pending state court lawsuit to transfer venue from the Napa County Superior Court, where the action was filed, to

3

the Circuit Court of San Mateo County. In support of this motion, Farina specifically claimed that both she and the defendant resided in San Mateo County.

Hoskins inspected the Property on March 3, 2022. She stated that it was largely in the same condition as the receiver found in his November 2021 inspection. As Hoskins remarked in a later declaration, "[a]s of March 3, 2022, other than boxes and moving items in the garage, the house was empty. There were no furnishings, personal belongings, or other effects that you would expect to see when a person resides at a house." Hoskins attached photos she took during her March 3, 2022 inspection to substantiate her remarks.

## C. Farina's occupancy of the Property and Hoskins' recovery of possession.

On March 4, 2022, the day after Hoskins' inspection, one of the real estate brokers Hoskins had retained to market and sell the Property visited the Property. He and his associate discovered that sometime after Hoskins' March 3, 2022 inspection, Debtor and her father, Claudio Nicolosi, had occupied the Property. As a result, Hoskins' representatives were unable to secure the Property for the estate or to commence their marketing preparations.

Hoskins quickly took steps to recover possession of the Property from Farina and anyone else staying there. On March 7, 2022, Hoskins sought an order for judgment of possession ("Order of Possession") and a

4

writ of assistance on an ex parte basis. The bankruptcy court granted the motion and entered the Order of Possession the same day. The Order of Possession provided that "any action to assert possession over the Property, by anyone other than the Trustee, is a violation of the automatic stay. . . ." The Order of Possession also required anyone occupying the Property to "immediately vacate the Property upon the posting of this Order to the exterior of the Property."

To facilitate enforcement of the Order of Possession, the bankruptcy court issued its March 8, 2022 writ of assistance, which directed the U.S. Marshals Service ("USMS") to assist Hoskins in recovering exclusive possession of the Property. Among other things, the writ of assistance directed USMS to "secure the Property while the Trustee and/or her agents change the locks . . . at the Property. . . ." Hoskins caused the writ of assistance, which included the Order of Possession, to be posted on the Property on March 10, 2022, and mailed to Farina.

The day Hoskins posted the Order of Possession and writ of assistance, Farina moved to stay the Order of Possession. In her motion, she admitted receipt of both the writ of assistance and the accompanying Order of Possession. Farina stated that her minor children and elderly parents lived in the house as their primary residence. She also stated that she suffered from a visual disability, that the Property was equipped to accommodate her disability, and that moving into a new place would be

dangerous for her.[3]

The next day, on March 11, 2022, Hoskins filed an ex parte contempt motion because the occupants had not vacated the Property after posting of the Order of Possession and the writ of assistance. Hoskins pointed to multiple inconsistencies between Farina's statements in her stay motion, Farina's statements in other court filings, and facts that were established from other sources. According to Hoskins, the evident falsity of Farina's representations in support of her stay motion demonstrated the contumacious nature of her refusal to immediately vacate the Property.[4]

A few days later, on March 14, 2022, the court held a hearing on several pending matters, which were largely unrelated to possession of the Property. Farina appeared and argued at this hearing. The court also briefly addressed Hoskins' contempt motion but declined to rule on it. The court opined that if the Napa County Sheriff enforced Hoskins' right to possession, finding Farina in contempt would not be needed. Counsel for the trustee then represented that Hoskins and her representatives were having trouble getting the Sheriff's assistance in enforcing Hoskins' right to possession. The court suggested that counsel could prepare a new order

---

[3] There does not appear to be any order on the stay motion. Hoskins later represented that this attempt to stay the Order of Possession "did not succeed." Farina has not disputed this point, and the court's subsequent rulings are consistent with an implicit denial of the stay motion.

[4] On March 13, 2022, Farina appealed the Order of Possession. But the BAP later dismissed this appeal for lack of prosecution on November 8, 2022. *See Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1058 (9th Cir. BAP dismissed Nov. 8, 2022).

specifically directing the Sheriff to execute the order for possession. In furtherance of that suggestion, on that same day, the court entered an amended Order of Possession and a new writ of assistance specifically directing the Sheriff to assist Hoskins in securing exclusive possession of the Property.

Before Hoskins could obtain the assistance of the Sheriff, she recovered exclusive possession on March 24, 2022, when the USMS posted the original writ of assistance on the Property (for a second time) and waited while Hoskins caused the locks on the Property to be changed.

**D.    Hoskins files the adversary proceeding to deny Farina's discharge.**

On April 15, 2022, Hoskins filed a complaint objecting to Farina receiving a discharge under § 727(a)(2), (4), and (6). The only claim relevant to this appeal is her claim under § 727(a)(6). She alleged that Farina refused to obey the Order of Possession by not immediately vacating the Property upon her receipt of the order when it was posted on March 10, 2022. In her pro se answer, Farina generally denied the complaint's allegations.

In June 2022, Hoskins moved for partial summary judgment. The motion only sought summary judgment on the claim under § 727(a)(6). Hoskins argued that the following facts were undisputed and demonstrated that Farina intentionally and willfully refused to vacate the Property after entry of the Order of Possession and the original writ of assistance:

- She falsely claimed in her stay motion that her minor children were

7

living with her at the Property.

- She also falsely claimed that both of her elderly parents lived with her at the Property, and that removing her mother from the Property might kill her because she was suffering from grave illness.

- She also falsely claimed that the Property was specially outfitted for her visual impairment disability.

Farina opposed the summary judgment motion on July 24, 2022. She contended that she never authorized anyone to file the underlying bankruptcy case on her behalf. She further maintained: (1) there was never a prior determination that she had no right to possession; (2) the bankruptcy court had not previously found her in contempt or ruled that she had violated the automatic stay; (3) she needed more time and opportunity to retain counsel and to be heard in the adversary proceeding (she did not explain why she needed additional time, or why counsel who was representing her in the main case was not representing her in the adversary proceeding); (4) Hoskins' assertion that she "has not been in her home [the Property] . . . since November 2021" was inaccurate; (5) it was Alam who removed his share of the furniture in 2020, and she removed the remainder in October 2021 due to flooding; and (6) her absence from the Property was due to a combination of factors—holiday vacationing, caring for her sick mother in another county, and being locked out by the state court receiver.

More pertinent to the § 727(a)(6) claim, Farina argued that Hoskins'

proof of service of the Order of Possession and the original writ of assistance was insufficient to demonstrate that she was properly served. But Farina ignored the fact that in her March 10, 2022 motion for stay, she admitted receiving these documents. In fact, she had attached copies of them to her motion.

Farina made only one other relevant argument. She asserted that Hoskins failed to present sufficient evidence to establish that her alleged violation of the Order of Possession was something other than "inadvertence, mistake, or inability to comply." As she reasoned, "[c]onstruing the evidence in the light most favorable to Debtor, there is [a] reasonable basis from which the finder of fact could conclude that Debtor's failure to comply with the order was inadvertent, by mistake, or that she had an inability to comply." Farina made no attempt to specifically explain how her conduct after receipt of the Order of Possession qualified as mistake or inadvertence. Nor did she specifically allege or explain that she was unable to comply with the Order of Possession. Moreover, she failed to submit any declaration or other evidence in support of her arguments.

The bankruptcy court held a hearing on the summary judgment motion. Farina did not appear. The court concluded that Hoskins had presented sufficient evidence to carry her summary judgment burden to establish that Farina's failure to immediately comply with the Order of Possession was willful and intentional. It noted that Farina had not presented any controverting evidence and rejected all of Farina's

arguments as irrelevant or factually unsupported.

Hoskins voluntarily dismissed her claims for relief other than her
§ 727(a)(6) claim. The court then entered judgment on the § 727(a)(6) claim.
Farina timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and
157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court committed reversible error when it
granted summary judgment on Hoskins' § 727(a)(6) claim for relief.

## STANDARD OF REVIEW

We review summary judgments de novo. *Italiane v. Jeffrey Catanzarite
Family Ltd. P'ship (In re Italiane)*, 632 B.R. 662, 670 (9th Cir. BAP 2021), *aff'd*,
2022 WL 17412881 (9th Cir. Dec. 5, 2022). When we review a matter de
novo, we give no deference to the bankruptcy court's decision. *Francis v.
Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

### A.    Summary judgment standards.

Under Civil Rule 56(a), made applicable in adversary proceedings by
Rule 7056, summary judgment should be granted when "there is no
genuine dispute as to any material fact and the movant is entitled to
judgment as a matter of law." A factual issue is genuine when there is
sufficient evidence for a reasonable trier of fact to find in favor of the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). And an issue is material when it could affect the outcome of the case under the controlling substantive law. *Anderson*, 477 U.S. at 248; *Far Out Prods., Inc.*, 247 F.3d at 992.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. If the movant meets this burden by presenting sufficient uncontroverted facts to demonstrate its entitlement to relief, the burden then shifts to the responding party to establish that there is a specific and genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986); *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008). The nonmovant "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *In re Barboza*, 545 F.3d at 707 (quoting *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991)). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 165 (9th Cir. BAP 1999) (quoting *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

In deciding whether a genuine factual issue exists, the court must

11

draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But the court only is required to do so when the responding party contradicts otherwise undisputed facts with specific evidence submitted in opposition to the motion. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). In other words, if a motion for summary judgment is adequately supported and the responding party does not come forward with specific evidence showing a genuine factual issue for trial, summary judgment should be granted. *See id*.

**B.    Analysis.**

We begin by identifying the limited scope of Farina's arguments on appeal. Farina contends that Hoskins failed to prove that she acted willfully or intentionally in violating the Order of Possession. She maintains that there is a genuine dispute whether her conduct from March 10, 2022, until Hoskins recovered exclusive possession of the Property on March 24, 2022, was something more than a mistake, inadvertence, or an inability to comply.

Section 727(a)(6)(A) provides in relevant part that the bankruptcy court must grant a discharge unless "the debtor has refused, in the case . . . to obey any lawful order of the court. . . ." A failure or refusal to comply with a bankruptcy court order is only actionable under § 727(a)(6)(A) when the debtors: "(1) were aware of the order and (2) willfully or intentionally refused to obey the order (i.e., something more than a mere failure to obey

the order through inadvertence, mistake or inability to comply)." *Ebuehi v. U.S. Tr. (In re Ebuehi)*, 2022 WL 703911, at *7 (9th Cir. BAP Mar. 8, 2022) (quoting *Vaughan v. Weinstein (In re Vaughan)*, 2016 WL 878308, at *7 (9th Cir. BAP Feb. 29, 2016)); *see also Schwarzkopf v. Goodrich (In re Michaels)*, 2009 WL 7809926, at *5 (9th Cir. BAP Feb. 27, 2009) (applying same standard in revocation of discharge action).

Farina has abandoned any attempt to claim that she was unaware of the Order of Possession. She obviously knew of the order when she filed her motion seeking to stay that order on March 10, 2022.

As for willfulness, Hoskins presented evidence in support of the motion for summary judgment to demonstrate that Farina knowingly relied on demonstrably false statements as part of her effort to stay the Order of Possession. Hoskins referenced the declaration from the father of Farina's children to establish that they lived with him in Florida and not with Farina as she had stated. As to Farina's ill mother, which Farina also raised, Hoskins noted that counsel for Farina later admitted that Farina had not resided in the home during the holidays in late 2021 or immediately thereafter because, "debtor stayed with her mother who is battling stage four cancer in **San Mateo County.**" (Emphasis added.) Finally, Hoskins noted that the vacant nature of the Property wholly belied Farina's statement that it had been specially equipped for a visual disability. Rather, the photos of the Property previously submitted demonstrated that there were no special modifications made to the Property. Hoskins' evidence

13

sufficiently established that Farina willfully and intentionally chose not to comply with the Order of Possession but rather sought to remain in possession of the Property under false pretenses.

In her opposition to the motion for summary judgment, Farina never disputed these specific facts raised by Hoskins. Indeed, she did not address them at all. Rather, she simply stated that Hoskins had not proven that she willfully or intentionally refused to comply with the Order of Possession. Farina did not submit or reference any declarations, affidavits, or other evidence to support her opposition. She, therefore, failed to provide any specific facts to establish a genuine dispute existed as to Hoskins' assertion that her failure to immediately vacate the Property was willful and intentional. *See* Civil Rule 56(c)(1); *Far Out Prods., Inc.*, 247 F.3d at 997. She never even offered any explanation why she was unable to immediately comply with the Order of Possession. She thus failed to meet her summary judgment burden to demonstrate the existence of a genuine factual dispute that needed to be tried. *See, e.g.*, *Sfadia v. Dongkuk Int'l, Inc. (In re Sfadia)*, 2007 WL 7540987, at *13 (9th Cir. BAP Sept. 5, 2007); *Stasz v. Gonzales (In re Stasz)*, 2007 WL 7370101 (9th Cir. BAP Aug. 9, 2007), *appeal dismissed*, 348 F. App'x 234 (9th Cir. 2009).

In sum, the Order of Possession required Farina to immediately vacate the Property. Farina was aware of the Order of Possession and her obligation to vacate the day it was posted. She failed to comply, as Hoskins did not recover exclusive possession of the Property until March 24, 2022.

14

Hoskins produced evidence that Farina knowingly sought to avoid her obligation to immediately vacate the Property on false grounds, thereby meeting her burden to prove that Farina willfully or intentionally failed to comply with the Order of Possession. Because Farina failed to controvert Hoskins' evidence, there was no genuine dispute that Farina willfully and intentionally failed to immediately vacate the Property. Thus, Hoskins was entitled to summary judgment, and the bankruptcy court did not commit reversible error by granting summary judgment on Hoskins' § 727(a)(6) claim.

## CONCLUSION

For the reasons set forth above, we AFFIRM.